IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID E. MALONE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-531-O |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, David E. Malone, a federal prisoner confined at FMC-Fort Worth, against Eric Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

In February 2006, in the United States District Court for the Northern District of Illinois, Case No. 1:05-cr-107-1, a jury found Petitioner guilty on one count of conspiracy to possess with intent to distribute and to distribute cocaine; two counts of possession of cocaine with intent to distribute; one count of traveling in interstate commerce to carry on a cocaine distributing conspiracy; and one count of conspiracy to commit money laundering. Resp't's App. 26, ECF No. 10. The United States Court of Appeals for the Seventh Circuit subsequently vacated Petitioner's conviction for conspiracy to commit money-laundering but affirmed the trial court's judgment in all other respects. *Id.* at 25. Petitioner filed a prior § 2255 motion in the convicting court challenging

his convictions and sentences, which was dismissed by that court as untimely under the statute of limitations. *Id.* at 62.

Petitioner's grounds for habeas relief in this § 2241 petition are construed as follows:

(1) the judgment of conviction fails to comply with the requirements of Federal Rule of Criminal Procedure 32(k)(1), thus he was not "duly and regularly convicted of said crime[s] by the verdict of the jury";

(2) he is actually innocent based on newly discovered evidence not presented at trial; and

(3) because the judgment of conviction is null and void for noncompliance with Federal Rule of Criminal Procedure 32(k)(1), there is no valid order of commitment to hold him.

Pet. 1-4, ECF No. 1; Form Pet. 5-6, ECF No. 5.

Respondent asserts that Petitioner is not entitled to relief under § 2241 and that the petition should be dismissed. Resp't's Resp. 1-6.

## II. DISCUSSION

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the

time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner does not raise a savings-clause claim, it is clear that he cannot meet the three requirements from the face of the petition. Petitioner cites no retroactively applicable Supreme Court decision that would arguably decriminalize his conduct. His first and third claims were not foreclosed by the Seventh Circuit at the time of his trial, appeal, and initial § 2255 motion. And, § 2255(h) provides an actual-innocence exception to bringing a second or successive § 2255 motion that does not relate in any way to a prisoner's ability to bring a § 2241 petition. Therefore, Petitioner cannot show that the remedy by § 2255 motion is inadequate or ineffective to test the legality of his convictions or sentences. The fact that his prior § 2255 was dismissed under the statute of limitations does not change this result. *See Pierre v. Justice,* 222 Fed. App'x 415, 2007 WL 760845, at *1 (5th Cir. Mar. 12, 2007). Because Petitioner's challenge to his convictions and sentences does not fall within the savings clause of § 2255(e), it is not cognizable in a § 2241 petition. The Court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003).

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is **DENIED.**

**SO ORDERED** on this 13th day of March, 2019.

Reed O'Connor
UNITED STATES DISTRICT JUDGE